# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **DKW LAW GROUP, P.C.,** | : | |
| | : | **Bankruptcy No. 03-28186-MBM** |
| Debtor. | : | |
| **Natalie Lutz Cardiello,** | : | Chapter 7 |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 05-2755-MBM** |
| | : | |
| **Stuart A. Williams,** | : | |
| Defendant. | : | |

## MEMORANDUM

**AND NOW,** this **23rd day** of **July, 2008**, upon consideration of (a) the three-count adversary complaint brought by Natalie Lutz Cardiello, the Chapter 7 Trustee for the above-captioned debtor (hereafter "the Debtor") and the instant plaintiff (hereafter "the Trustee"), wherein she seeks to avoid as fraudulent (Counts 1 and 2) and/or preferential (Count 3) $617,059.12 of cash payments that were made by the Debtor to Stuart Williams (hereafter "the $617,059.12 Cash Transfer"), the instant defendant (hereafter "Williams"), and (b) all of the pleadings, briefs, and exhibits that were either filed in the instant matter or were produced at trial;

and in light of the Court's Order dated December 19, 2006, whereby the Court granted Williams' motion for summary judgment with respect to the Trustee's preference count (i.e., Count 3) and denied such summary judgment motion as it pertained to the fraudulent conveyance counts (i.e., Counts 1 and 2);

and subsequent to notice and a trial on the matter (i.e., the remaining

Counts 1 and 2), which trial was held on June 11, 2008;

it is **hereby determined that the Court shall issue an order** to the effect that **Williams prevails in the instant adversary proceeding** because **the $617,059.12 Cash Transfer did not constitute a fraudulent conveyance**.

The rationale for the Court's decision is briefly set forth below.

# I.

At the outset, the Court notes that the Trustee, in both of her fraudulent conveyance counts (i.e., Counts 1 and 2), confines herself to a position that the $617,059.12 Cash Transfer constituted a constructive fraudulent conveyance. The parties agree as to the applicable law regarding constructive fraudulent conveyances and, in particular, that:

(a) the only real difference that exists between a fraudulent conveyance action brought under 11 U.S.C. § 544(b) and one that is brought pursuant to 11 U.S.C. § 548 is the applicable statute of limitations or, more accurately, applicable reachback period with respect to asset transfers – the reachback periods are 1 year under § 548 and 4 years under § 544(b) if the applicable nonbankruptcy law is that of Pennsylvania;

(b) 4 years is the applicable reachback period under § 544(b) in the instant matter since the applicable nonbankruptcy law in the instant matter is that of Pennsylvania;

(c) the elements for a constructive fraudulent conveyance action under either § 544(b) or § 548 are essentially the same, namely that

        (i)      the debtor received less than reasonably equivalent value in exchange for a transfer or incurrence of an obligation, and

        (ii)     the debtor, essentially, was insolvent at the time of the transfer or became insolvent as a result thereof; and

(d)    the plaintiff bears the burden of proving, by a preponderance of the evidence, that the debtor received less than reasonably equivalent value in exchange for a transfer or incurrence of an obligation.

The parties also agree that the entirety of the $617,059.12 Cash Transfer occurred within the 4-year reachback period that is applicable under § 544(b). The parties disagree as to whether the Debtor (a) received less than reasonably equivalent value in exchange for the $617,059.12 Cash Transfer, and (b) was insolvent when, or became insolvent as a result of, the $617,059.12 Cash Transfer. The Court need not resolve the "insolvency" issue because, as set forth below, the Court concludes that the Debtor received at least reasonably equivalent value in exchange for the $617,059.12 Cash Transfer.

**A.**    **$200,000 Bonus.**

The Court concludes that $200,000 of the $617,059.12 Cash Transfer was utilized to satisfy an existing $200,000 unsecured debt of the Debtor that was then owed to Williams, which debt represented a bonus that Williams had earned in 2002. Because the Trustee fails to demonstrate that a condition regarding such $200,000 bonus existed that had never been satisfied by Williams, such debt must be found to have existed, and the satisfaction of an antecedent debt – be it secured or unsecured – constitutes value for fraudulent conveyance

3

purposes, *see* 11 U.S.C.A. § 548(d)(2)(A).[1]

**B.    Non-Mylan Business.**

The Court must conclude that the Debtor received at least $417,059.12 of value in return for the $617,059.12 Cash Transfer in the form of Williams' transition of his non-Mylan Laboratories, Inc. (hereafter "Mylan") clients that he serviced while working as a partner with the Debtor, and before he stepped down as such partner and assumed his new role as in-house general counsel with Mylan.

The transition of such client base to other attorneys with the Debtor constitutes value because, *inter alia*, (a) the Trustee, saddled as she is with the overall burden of proof, needed – but nevertheless failed – to prove that such clientele would not have left (i.e., that such business would have stayed) when Williams stepped down as a partner with the Debtor, and (b) indisputable evidence was introduced at trial to the effect that the Debtor needed such business in order to remain a viable law firm.

As for the amount of value to be attached to such transition, Williams'

---

[1] The aforesaid $200,000 bonus is to be contrasted with another $50,000 bonus that Williams maintains he was also due. The source of such contrast is that, as opposed to the $200,000 bonus for which no condition attached that remained unsatisfied by Williams as of the time when the $617,059.12 Cash Transfer occurred, a condition was attached to the $50,000 bonus that Williams had never satisfied, namely that he needed to, but did not, remain as a member of the Debtor, a law firm, as of March 15, 2002. Because Williams never satisfied such condition, he was not due such bonus. Since the Debtor consequently never accrued an unsecured debt for such $50,000, the Debtor necessarily also could not have satisfied an antecedent debt by virtue of paying such bonus, which means, of course, that payment of such $50,000 bonus did not constitute value to the Debtor for purposes of the instant matter.

book of non-Mylan clients was valued at trial by credible expert testimony at between $350,000 and $1,274,000, see Trial Ex. D (Gleason Report), at pp. 5 – 6 (incremental discounted cash flow analysis yields $751,000 – $1.1 million, and rule of thumb analysis yields $350,000 – $1,274,000). On the basis of such testimony, Williams affirmatively proves that such book of business was worth at least $350,000.[2]

The Court must find that the transition of non-Mylan clients was worth at least $417,059.12, however, because (a) of the aforesaid persuasive evidence to the effect that such transition was worth between $350,000 and $1,274,000, (b) the Trustee, as plaintiff herein, is the only party that bears a burden of proof in the instant matter, and (c) the Trustee, quite simply, fails to preponderantly prove that the transition of non-Mylan clients was not worth at least $417,059.12.

Also relevant to this ruling by the Court, the Trustee appears to argue (a) that, because other – perhaps even most – lawyers do not seek to exact compensation from law firms when they leave their employ for the transition of clients that they have either serviced and/or originated, such transition consequently has no value to the law firms in question, and (b) that Williams' transition of his non-Mylan clients consequently was of no value to the Debtor. The Court rejects such apparent position by the Trustee for three reasons. First,

---

[2]As an aside, if Williams would have had the burden in the instant matter of proving that he gave reasonably equivalent value in return for the $617,059.12 Cash Transfer, then he would have carried such burden to the extent of $550,000 worth of value (i.e., $350,000 for transition of book of business, plus the $200,000 bonus just discussed in the previous portion of the instant Memorandum).

5

the Court questions whether most lawyers provide transition services for free; the Court imagines, instead, that many attorneys actually provide such services prior to their leaving a firm and, consequently, while they remain on the payroll of such firm. Second, and in any event, that other, perhaps even many, lawyers do not charge for such transition work says nothing about whether value emanates – in fact, in every instance – from such transition work. Third, and of course, the amount of value to be attributed to client transition work varies by lawyer, and that little value might be able to be accorded to transition services in some instances says nothing about what should be attributed, in particular, to Williams' transition of his non-Mylan clients.

**C.     Combination of the $200,000 Bonus and Non-Mylan Business.**

Combining the aforesaid $200,000 bonus and the $417,059.12 of minimum value that must be attributed to Williams' transition of his non-Mylan clients, the Court concludes that the Debtor received at least reasonably equivalent value in exchange for the $617,059.12 Cash Transfer

**II.**

For all of the reasons stated above, the Court shall issue an order – which order is attached to the instant Memorandum – that is in the form as set forth on page 2 above.

**BY THE COURT**

**/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **DKW LAW GROUP, P.C.,** | : |
| | : **Bankruptcy No. 03-28186-MBM** |
| Debtor. | : |
| ............................................................ | :.................................................................................. |
| **Natalie Lutz Cardiello,** | : Chapter 7 |
| Plaintiff, | : |
| | : |
| v. | : **Adversary No. 05-2755-MBM** |
| | : |
| **Stuart A. Williams,** | : |
| Defendant. | : |

## ORDER OF COURT

**AND NOW,** this **23rd day** of **July, 2008**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that **Stuart Williams, the instant defendant, prevails** with respect to the two remaining counts in the instant adversary proceeding, those both being for fraudulent conveyance vis-a-vis a cash transfer of $617,059.12 by the instant Debtor, because **such cash transfer did not constitute a fraudulent conveyance**.

                                            **BY THE COURT**

                                            /s/_____
                                            **M. BRUCE McCULLOUGH,**
                                            **U.S. Bankruptcy Judge**

copies to:

Natalie Cardiello
107 Huron Drove
Carnegie, PA 15106

Aurelius P. Robleto
Stanley E. Levine
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA 15219

Richard A. Finberg
Malakoff Doyle & Finberg
437 Grant Street
Suite 200 Frick Building
Pittsburgh, PA 15219